DUGAN, In re. See Case No. 4,120.

---

## Case No. 4,122.

### The DUIVELAND.

District Court, D. Massachusetts. 1866.

ADMIRALTY PRACTICE — SETTING ASIDE DEFAULT —TWENTY-NINTH ADMIRALTY RULE—ACTIONS IN REM.

1. Under the twenty-ninth admiralty rule, providing that in case of default, for not answering the libel, the court may, in its discretion, set aside such default, the defendant cannot apply to have a default set aside after a decree has been made which would give a right of appeal as from a final decree.

2. It was assumed that this and the fortieth rule apply as well to suits in rem as to those in personam.

[See Scott v. The Young America, Case No. 12,550.]

[Decided by LOWELL, District Judge. Nowhere reported; opinion not now accessible. The statement of the points determined was taken from 2 Pars. Shipp. & Adm. 401.]

---

DUKER (MYERS v.). See Case No. 9,989.

DULANY (CHESAPEAKE & O. CANAL CO. v.). See Case No. 2,647.

DULANY (HELLRIGLE v.). See Case No. 6,343.

DULANY (MOORE v.). See Case No. 9,758.

DULANY (MURRAY v.). See Case No. 9,960.

---

## Case No. 4,123.

### DULANY v. The PERAGIO.

[Bee, 212.] [1]

District Court, D. South Carolina. Oct., 1804.

PILOTS—EXTRA COMPENSATION.

Pilots and others, assisting vessels in distress, beyond what their mere duty requires, are entitled to compensation.

[Cited in The Wave, Case No. 17,297.]

[1] [Reported by Hon. Thomas Bee, District Judge.]

In admiralty.

Before BEE, District Judge.

This case comes before the court as a case of salvage, but on a full investigation of the evidence, it does not seem to be altogether such. The sloop, it is true, had encountered the storm of the 8th September, and had lost her masts, with great part of her sails; but they had two on board, with one of which fixed to the stump of the mast, and a small spar, they had contrived to work her so as to bring her to anchor near Bull's inlet, on the 12th, four days after the storm. Here they were boarded by the pilot, in the forenoon of that day. The vessel was tight, and had provisions sufficient to last some time, and could have sent their boat for further supplies. There is some contrariety of evidence respecting a conversation with the pilot upon his going alongside: but it was proved that the pilotboat took the sloop in tow, and arrived with her at Charleston in the evening of the same day. It is admitted that some compensation is due, over and above the usual rate of pilotage. As no question of law arose in the case, I have consulted persons conversant in these matters, none of whom considered it as a case of salvage, but all agreed that compensation should be granted, by way of encouragement to pilots and others to do more than their mere duty, whenever circumstances might call upon them to exert themselves. Their opinion concurred with my own, that two hundred dollars, over and above pilotage, and costs of suit, would be a sufficient remuneration for this service. I decree accordingly.

---

DULANY (SHREVE v.). See Case No. 12,817.

DULANY (U. S. v.). See Cases Nos. 14,999 and 15,000.

DULANY (VIRGINIA v.). See Case No. 16,959.

DULUTH (U. S. v.). See Case No. 15,001.